IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| ADAM LeDEAU, JR., ) | Cause No. CV 05-57-H-DWM-RKS |
| Plaintiff, ) | |
| vs. ) | FINDINGS AND RECOMMENDATION |
| ) | OF U.S. MAGISTRATE JUDGE |
| DEPARTMENT OF CORRECTIONS, ) | |
| st al., ) | |
| Defendants ) | |

On November 14, 2005, Plaintiff Adam LeDeau moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. The motion was granted in a separate Order (doc. 4). Plaintiff is a state prisoner proceeding pro se. The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

On August 14, 2006, United States Magistrate Judge Carolyn S. Ostby issued an Order explaining several deficiencies in Plaintiff's Complaint and giving him an opportunity to file an Amended Complaint. Plaintiff did so on September 22, 2006.

**I. Allegations of the Amended Complaint**

Plaintiff is a prisoner at Montana State Prison. Plaintiff alleges that, in May 2005, he asked to be seen by medical staff for abdominal pain. A physician in Butte examined Plaintiff in June 2005

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

and recommended surgery. Plaintiff underwent surgery at the Powell County Hospital on July 6, 2005. On his return to MSP, he was released back to his cell where he had no access to the "infirmary shower." He developed a blood clot or cyst and severe infection that required emergency surgery on August 8, 2005. Following that surgery, he spent more than a week at St. James's Hospital in Butte. He required dressing packs to be placed in his open wound. He also required two dressing changes per day, but this was not done. (Although Plaintiff's pleading does not say so, presumably he means that he did not receive twice-daily dressing changes when he returned to MSP). Plaintiff states that it took six months for his surgical wound to heal. *See* Am. Compl. (doc. 12) at 5-6, ¶ IV.A.1.

Plaintiff claims that Defendants Department of Corrections, Slaughter, Mahoney, Dr. Evans, Dr. Rantz, Dr. Ramakrishna, Scott, and Nurses I-Z are responsible for ensuring that inmates are provided adequate medical care at MSP. He claims that "[e]ach of the Defendants . . . have acted with deliberate indifference to serious medical needs." *Id*. at 6-8. He asserts that he suffered prolonged pain, permanent disfigurement, and mental and emotional problems, as well as two surgeries, infection, a blood clot or cyst, fever, nausea, vomiting, and loss of appetite. *Id*. at 6, 9.

For his relief, Plaintiff seeks compensatory and punitive damages, costs, and a declaratory judgment. *Id*. at 9, ¶ VI.

**II. Analysis**

Plaintiff's allegation of deliberate indifference is conclusory and lacks any factual support. The Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*,

18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While it may be true that the course of Plaintiff's treatment following the July surgery did not go smoothly, that fact does not, by itself, violate the Eighth Amendment. Judge Ostby specifically advised Plaintiff that he "must allege facts sufficient to support an inference that the named defendants ... knew of the seriousness of his condition, knew that he was not receiving appropriate treatment, and still did nothing to help him. He cannot simply say these things; he must describe the facts underlying his claims." Plaintiff has not alleged such facts as to any Defendant. The Court concludes that such facts do not exist. The action should be dismissed for failure to state a claim on which relief may be granted.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Amended Complaint (doc. 12) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2. The docket should reflect that Plaintiff's filing of this action counts as one strike for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

3. Pursuant to Fed. R. App. P. 24(a)(4)(B), the district court should CERTIFY that any appeal from its disposition would not be taken in good faith.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty

(20) calendar days[1] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

<u>Plaintiff must immediately inform the Court of any change in his mailing address.</u>

DATED this <u>18th</u> day of June, 2007.

                                        /s/ Keith Strong
                                        Keith Strong
                                        United States Magistrate Judge

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4