FILED
MISSOULA, MT

2007 AUG 1 PM 4 25

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ADAM LeDEAU, JR., | ) | CV 05-57-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| DEPARTMENT OF CORRECTIONS, et al., | ) | |
| Defendants. | ) | |

Plaintiff LeDeau, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his Eighth Amendment rights arising from his treatment by prison officials and medical staff during his recovery from abdominal surgery. On August 14, 2006, United States Magistrate Judge Carolyn S. Ostby issued an Order finding after preliminary screening that LeDeau's Complaint fails to state a claim upon which relief can be granted. Judge Ostby ordered LeDeau to file an amended complaint alleging facts in support of his Eighth Amendment claim, specifically stating that the Plaintiff "must allege facts sufficient to support an inference that the named defendants ... knew of the seriousness of his condition, knew that he was not receiving appropriate treatment, and still did

-1-

nothing to help him." Doc. No. 9 at p. 6.

LeDeau filed his Amended Complaint on September 22, 2006. United States Magistrate Judge Keith Strong conducted preliminary screening of LeDeau's Amendment Complaint and concludes that the Amended Complaint fails to allege facts sufficient to support an Eighth Amendment claim. Judge Strong explains that the Plaintiff has merely restated conclusory allegations of deliberate indifference and has failed to offer any factual support for his claims. Based on his findings, Judge Strong recommends that the Amended Complaint be dismissed for failure to state a claim upon which relief may be granted.

LeDeau did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's recommendation and adopt it in full.

Accordingly, it is HEREBY ORDERED that the Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted. The docket should reflect that LeDeau's filing of this action counts as one strike pursuant to 28 U.S.C. § 1915(g).

Pursuant to Fed. R. App. P. 24(a)(4)(B), the Court certifies

that any appeal from this disposition would not be taken in good faith.

DATED this 1st day of August, 2007.

Donald W. Molloy, Chief Judge
United States District Court